**In re Jerry B. ROGERS, Anda M. Rogers, Debtors.**

**Bankruptcy No. 82–00032.**

United States Bankruptcy Court,
D. Arizona.

Nov. 3, 1982.

Patricia A. Ihnat, Tucson, Ariz., for Lee.

David D. West, Tucson, Ariz., for debtors.

### MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

The Debtors claimed an exemption of some $44,535.72, 70 per cent of which had become vested, of a profit sharing plan and trust agreement created by his employer, The Tucson Clinic, P.C. The plan was effective January 1, 1978. An unsecured creditor, Lester W. Lee, filed an objection to this claim of exemption.

The Employee Retirement Income Security Act (hereinafter referred to as ERISA) plan provides that The Tucson Clinic would make yearly contributions for the benefit of its employees as it in its discretion determined. The employee could make voluntary contributions under certain conditions. In the instant case, the parties agreed that the debtor had made no such contributions. The plan provided in paragraph 8.05:

8.05 ASSIGNMENT OR ALIENATION. Neither a Participant nor a Beneficiary shall assign or alienate any benefit provided under the Plan, and the Trustee shall not recognize any such assignment or alienation.

The plan was duly accepted as qualified by the Internal Revenue Service. *See,* letter marked "Received May 5, 1980." Both the plan and the favorable determination of Internal Revenue Service are attached to pleading no. 33 filed with this Court. The plan was admitted in evidence as Lee's Exhibit # 1.

This Court must first analyze the plan to make a determination whether or not under state or federal nonbankruptcy law the benefits accruing to the debtor are reachable by a third party garnishee. *See, In re Parker,* 473 F.Supp. 746, 5 B.C.D. 741, 1 C.B.C.2d 103 (Bkrtcy.W.D.N.Y.1979); *In re Everhart,* 11 B.R. 770 (Bkrtcy.N.D.Ohio 1981).

A review of paragraphs 11, 12, 13 and 14 of the Summary Plan Description shows that the debtor can withdraw or receive distribution under the plan only when he retires at age 65, becomes disabled, terminates employment prior to the normal age, or his beneficiaries can receive payments upon his death.

This Court believes that the first question that must be answered is whether or not, as of the day of filing the petition in bankruptcy, the benefits under the plan, whatever they might be, become property of the estate. 11 U.S.C. § 541(a) provides that:

The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

Subsection (c)(2) provides:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

A leading case on whether or not the benefits of a pension plan covered by the Employee Retirement Income Security Act can be reached by garnishment is *In re General Motors Corporation v. Buha,* 623 F.2d 455 (6th Cir.1980). This case points out that pursuant to the authority of section 410(a), 411 and 412 of Title 26 of the United States Code, the Secretary of the Treasury has the authority to make certain regulations concerning participation, vesting, and funding. Subject to this authority the Secretary of the Treasury issued Internal Revenue Service Regulation § 1.401(a)–13, which provides in part:

(b) No assignment or alienation.—(1) General rule. Under section 401(a)(13), a trust will not be qualified unless the plan of which the trust is a part provides that benefits provided under the plan may not be anticipated, assigned (either at law or in equity), alienated or subject to attachment, garnishment, levy, execution or other legal or equitable process. 26 C.F.R. § 1.401(a)–13 (1979).

The court concluded in *Buha* that the ERISA plan under its review was not subject to garnishment and the application for a writ of garnishment was denied. *See also, Matter of Turpin,* 644 F.2d 472 (5th Cir.1981).

Creditor Lee's attorney cites as authority *In re Threewitt,* 20 B.R. 434 (Bkrtcy.D.Kan. 1982). In that case the bankruptcy judge held that the benefits due a debtor under a spendthrift trust were property of the estate. The debtor had made voluntary contributions of $13,700.00 of a total amount of $22,000.00 in the plan. Under that plan the debtor/beneficiary was able to borrow money to meet his financial needs such as during a layoff, illness, disability, for the purchase of a house or residence, a dependent's tuition charge, or funeral costs or other financial hardships. This plan is totally different from the plan before this Court. In this matter, the debtor, Rogers, can reach the benefits only when he leaves his employment or becomes disabled or dies. None of these conditions have been met nor were met at the time of filing the petition.

It is doubtful if the ERISA plan in *Threewitt* would be accepted by Internal Revenue Service today under its present regulations.

Creditor Lee's attorney also cited a number of cases which do not involve an Employee Retirement Income Security Act plan that is before this Court. The cited cases refer to specific federal benefits, rights or entitlements the Congress has declared cannot be reached by execution or garnishment. These restrictions are historically for the benefit of the federal government. An ERISA plan is a private right established under Internal Revenue Service approval.

The United States District Court, in *United Mine Workers of America v. Boyle,* 418 F.Supp. 406 (D.D.C.1976) *aff'd on appeal,* 567 F.2d 112 (D.C.Cir.1977) held that the defendant's ERISA plan could not be garnished by a creditor.

Creditor Lee's attorney also argues that because Arizona does not recognize spendthrift trusts, the plan should not be exempt. This Court holds that the benefits to become due the debtor under the conditions of this ERISA plan are not the property of the estate and therefore are not subject to the administration of this Court. This Court also does not agree with the contention that Arizona does not recognize spendthrift trusts. Apparently on the last amendment of the Arizona State Statutes in 1973 our legislature left out any reference to spendthrift trusts.

This Court does not believe that it is necessary to consider the state laws concerning the validity of spendthrift trusts in view of the decision in *General Motors Corporation v. Buha, supra.*

For the foregoing reasons, this Court finds that the benefits due the debtors under the ERISA plan of his employer are not property of the estate as of the day of filing this petition. Debtors' attorney IS ORDERED to prepare and file an appropriate form of order within ten (10) days.